## THOMPSON & al. vs. KNIGHT.

In a writ of entry for wild land, it was held that proof that the tenant had been once on the land three or four years before, claiming it as his own, looking for the lines, and offering to sell it to a stranger; and that at another time he had spoken of the land as his own; did not amount to such evidence of possession and *ouster* as is required by *Stat.* 1826, *ch.* 344.

THIS was an action of entry upon disseisin, for two lots of wild land; and was tried before *Parris J.* upon the general issue.

After proving their title to the land, the demandants, in order to show that the tenant was in possession, offered a witness who testified that the tenant told him he had a vendue-title to one of the lots demanded; and that on a certain time, three or four years ago, he went on the lot, with the witness, showed him the land, offered to sell it to him, and looked for the lines, but found none, except the town line adjoining; and immediately went away without doing any other act, or completing the contract. Another witness testified that he had heard the tenant speak of these lots, claiming them as his own; and about defending this suit.

This evidence the Judge thought did not amount to such proof of possession as is required by *Stat.* 1826, *ch.* 344; and thereupon a nonsuit was entered by consent, subject to the opinion of the court, upon the demandant's motion to set it aside.

*Fessenden* and *Deblois*, in support of the motion, argued that the case disclosed all the acts of ownership on the part of the tenant, of which wild land was susceptible; and that the most the statute intended was that the demandant should not have a verdict unless, besides showing his title, he could show some act of ownership exercised by the tenant, such as an entry on the land with claim of title, or the like. *Robison v. Swett, 3 Greenl.* 316; *Pray v. Pierce, 7 Mass.* 381; *Kennebec Proprietors v. Springer, 4 Mass.* 416.

*N. Emery,* on the other side, was stopped by the court; whose opinion was delivered by

MELLEN C. J. At common law, when the defendant in an action of entry on disseisin pleads *nul disseisin*, he thereby admits himself to have been tenant of the freehold and in possession of the demanded premises; and if he was not in possession at the time the action was commenced against him, he could avail himself of that defence, only by a plea of disclaimer. Many authorities in the Massachusetts reports, which it is unnecessary to cite, recognize this principle. But the law in this respect has been changed by our Statute of 1826, *ch.* 344; the second section of which is in these words :—" Be it further enacted, that in the actions aforesaid, " (real actions) " a plea of the general issue shall not be taken as an admmission by the defendant that he has possession of the premises demanded, or that he withholds the same from the demandant; and the jury shall on the evidence, consider not only the question of title, but whether the defendant holds possession of the same, or any part thereof, and return their verdict accordingly." Upon the evidence offered by the demandants to prove such possession, a nonsuit was ordered by consent; and the question of its sufficiency for the purpose is submitted to the decision of the court.

By the report it appears that the title to the premises is in the demandants; of course, the declarations of the defendant, as to his vendue title, amount to nothing. They have no tendency whatever to prove his possession. His going on to the lot four years ago, showing it to another person, and looking for the lines, and offering to sell it, are circumstances, at most, showing a claim, even at that time; but this claim does not appear to have ever been asserted afterwards. A claim of wild land is no *possession*, nor proof of possession. The facts reported are such as clearly show the land to have been in such a situation that the demandants might at any time have entered and enjoyed it at their pleasure; and needed not to have resorted to an action for the purpose of obtaining possession. Neither can the action be maintained on the principle of a disseisin by election, as the counsel for the demandants has contended. We apprehend that the above quoted section precludes the application of the principle. There must be proof of actual possession by the defendant in person, or by his tenant or agent. Con-

sidering the defendant as destitute of all title, it cannot be pretended that he had such a possession as would enable him to maintain an action of trespass *quare clausum fregit,* even against a stranger, and much less can it be a possession as against the true owner. The nonsuit is confirmed.

*Judgment for the defendant.*